# EXHIBIT B

LAW OFFICES OF RICHARD A. STOLOFF
BY: RICHARD A. STOLOFF
605 New Road
Linwood, NJ 08221
(609) 601-2233

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY

SEP 25 2017

ATTORNEY FOR PLAINTIFF REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

| | |
|---|---|
| DENNIS COSBY, EUGENE COSBY and TERRY R. MAYES, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiffs | CUMBERLAND COUNTY |
| | LAW DIVISION |
| vs. | DOCKET NO: CUM-L-00403-17 |
| GRANT PLAZA, LANDIS PIG ROAST, LLC, Z&D REALTY, LLC, ZIGGY DOBKOWSKI, DIANE DOBKOWSKI, RAHEEM MCCLENDON, JOHN DOE (1-10), XYZ CORPORATIONS: (1-10), and RICHARD ROE (1-10), j/s/a | 3RD AMENDED COMPLAINT |
| Defendants | |

Plaintiffs, Dennis Cosby and Eugene Cosby, both residing at 1123 East Chestnut Avenue, Apartment A-17, City of Vineland, County of Cumberland and State of New Jersey, and plaintiff, Terry R. Mayes, residing at 221 Laurel St., City of Vineland, County of Cumberland and State of New Jersey, by way of Complaint against defendants say:

## COUNT I

1. On or about April 21, 2017, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, were invitees lawfully upon the premises commonly known as Grant Plaza located at 619 East Landis Avenue, in the City of Vineland, County of Cumberland and State of New Jersey.

2. At the above time and place, the establishment known as Grant Plaza was owned, operated, maintained, managed, supervised and overseen by defendants, Z&D Realty, LLC, Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski.

3. Defendants, Landis Pig Roast, LLC, Z&D Realty, LLC, Grant Plaza, Ziggy Dobkowski and/or Diane Dobkowski, were issued a liquor license to serve alcoholic beverages at Grant Plaza located at 619 East Landis Avenue, and were obligated and bound to sell and serve alcoholic beverages in accordance with all the rules and regulations applicable to the sale and service of alcoholic beverages.

4. At all times material hereto, all defendants acted individually and/or by and through their employees, agents, servants, contractors and/or assigns.

5. On the above captioned date, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, while lawfully inside said premises as business invitees, were shot by unknown assailants who brought firearms inside defendants' premises during hours of operation.

6. The aforesaid premises in question was negligently owned, operated, maintained and managed by defendants.

7. At the aforesaid time and place, the defendants acting individually and/or by and through their agents, servants, employees, workers and/or assigns, created and/or permitted a hazardous and dangerous condition to exist and/or carelessly and negligently operated, maintained and managed said property and premises.

8. At all times herein mentioned, defendants had a non-delegable duty to exercise due and reasonable care commensurate with foreseeable risks, including serious injury and harm, to provide adequate security at said establishment during hours of operation for said business invitees, including plaintiffs, in accordance with reasonable standards of safety and security.

9. On or about April 21, 2017, and for a period of time prior thereto, said time period being sufficiently long enough to impose a clear duty to act, the defendants knew or should have known that the establishment known as Grant Plaza was unsafe and presented

security hazzards and that effective security precautions, including various services and/or security measures were available for implementation prior to the assault upon plaintiffs. In violation of the aforesaid duty to act, the defendants negligently, carelessly and recklessly failed to provide sufficient and adequate security, failed to take reasonable and proper measures to warn, inform and protect their invitees, operated and maintained and controlled the property in an unreasonably defective and improper condition and manner, failed to implement proper security precautions and procedures and measures, served alcoholic beverages to those that were visibly intoxicated and disorderly, allowed or created a potentially dangerous condition on the property in failing to monitor or supervise the premises, failed to prevent their invitees from harming other invitees and failed to take reasonable and proper preventative action to prevent the dangerous conditions and harms to plaintiffs as aforesaid.

10. As a result of the negligence, carelessness and recklessness of the defendants as aforesaid, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, suffered serious, severe, permanent and disabling injuries and have been and will be required in the future to seek medical attention to affect a cure for their injuries, have been and will in the future be caused to refrain from their normal pursuits, have and will incur medical expenses in an effort to cure themselves of their injuries and were otherwise seriously and permanently injured.

11. Plaintiffs sustained personal injuries as a result of the negligent service of alcoholic beverages by defendants.

WHEREFORE, plaintiffs demand judgment in their favor and against the defendants on this count and for damages, punitive damages, interests, attorney's fees and costs of suit.

## COUNT II

1. Plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, repeat and reallege the allegations contained in the previous Count of the Complaint and make them a part hereof as if more specifically set forth herein at length.

2. At all times mentioned herein, defendants, Landis Pig Roast, LLC, Z&D Realty, LLC, Grant Plaza, Ziggy Dobkowski and/or Diane Dobkowski, did own, lease, maintain, manage, operate and have charge and control of the property known as Grant Plaza located at 619 East Landis Avenue, in the City of Vineland, County of Cumberland and State of New Jersey.

3. At all times mentioned herein, defendants and each of them had a duty to select, hire, train, control, retain and oversee employees of defendants.

4. At all times mentioned herein, defendants and each of them had a duty to provide professional and competenant employees for their property known as Grant Plaza.

5. On or about April 21, 2017, said defendants were negligent, careless and reckless in hiring, retaining and providing professional and competenant employees, including any and all security personal, at their property known as Grant Plaza, breaching their duties to plaintiffs.

6. Defendants and each of them permitted, tolerated, encouraged and/or ratified practices both unjustified, unreasonable, unwarranted and illegal for the use of force by their patrons in that defendants failed to properly screen, hire, train, retain and supervise their employees and/or managers and failed to provide reasonable and adequate security measures for business invitees and patrons entering, re-entering and existing inside the premises.

7. Defendants' duties, obligations and responsibilities to plaintiffs were non-delegable. As a result of the foregoing, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R.

Mayes, have sustained severe, permanent personal injuries, were caused to refrain from their normal pursuits and will continue to be so limited in the future, suffered emotional distress, great pain and anguish, humiliation and embarrassment, all to plaintiffs' determent and loss.

WHEREFORE, plaintiffs demand judgment in their favor and against the defendants on this count and for damages, punitive damages, interests, attorney's fees and costs of suit.

## COUNT III

1. Plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, repeat and reallege the allegations contained in the previous Counts of the Complaint and make them a part hereof as if more specifically set forth herein at length.

2. At all times mentioned herein, defendant, Raheem McClendon, did rent, lease, maintain, manage, operate and have charge and control of the property known as Grant Plaza located at 619 East Landis Avenue, in the City of Vineland, County of Cumberland and State of New Jersey at the time of the aforesaid incident

3. At all times mentioned herein, defendant had a duty and did undertake to select, hire, train, control, retain and oversee security personnel for the aforementioned premises at the time of the incident.

4. At all times mentioned herein, defendant had a duty to provide professional and competenant employees, including security personnel, for the property known as Grant Plaza.

5. On or about April 21, 2017, said defendant was negligent, careless and reckless in hiring, retaining and providing professional and competent employees, including any and all security personal, at the property known as Grant Plaza, breaching his duty to plaintiffs.

6. Defendant permitted, tolerated, encouraged and/or ratified practices both unjustified, unreasonable, unwarranted and illegal for the use of force by their

patrons in that defendant failed to properly screen, hire, train, retain and supervise their employees and/or managers and failed to provide reasonable and adequate security measures for business invitees and patrons entering, re-entering and existing inside the premises.

7. Defendant's duties, obligations and responsibilities to plaintiffs were non-delegable. As a result of the foregoing, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, have sustained severe, permanent personal injuries, were caused to refrain from their normal pursuits and will continue to be so limited in the future, suffered emotional distress, great pain and anguish, humiliation and embarrassment, all to plaintiffs' determent and loss.

WHEREFORE, plaintiffs demand judgment in their favor and against the defendants on this count and for damages, punitive damages, interests, attorney's fees and costs of suit.

## COUNT IV

1. Plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, repeat and reallege the allegations contained in the previous Counts of the Complaint and make them a part hereof as if more specifically set forth herein at length.

2. John Does (1-10), individually, intending owners and property managers of the defendants' Grant Plaza, Z&D Realty, LLC, Landis Pig Roast, LLC, Ziggy Dobkowski, Diane Dobkowski, and Raheem McClendon, did own, rent, lease, maintain, manage, operate and have charge and control of the property known as Grant Plaza, located at 619 East Landis Avenue, in the City of Vineland, County of Cumberland and State of New Jersey.

3. At all times mentioned herein, defendants, John Doe (1-10), had a duty to hire, train, retain, control and oversee employees for said defendants.

4. At all times mentioned herein, all defendants had a duty and care to provide professional and competent employees for their property, including defendants, John Doe (1-10).

5.  On or about April 21, 2017, defendants, John Doe (1-10), were negligent and careless in retaining, hiring and contracting with defendants, Grant Plaza, Z&D Realty, LLC, Landis Pig Roast, LLC, Ziggy Dobkowski, Diane Dobkowski, and Raheem McClendon, and for failing to provide professional and competent employees at the property known as Grant Plaza, breaching their duties to plaintiffs. Defendants John Doe (1-10), permitted, encouraged, tolerated and ratified practices of such unjustified, unreasonable and unwarranted and illegal use of force by their patrons in that they failed to properly screen, hire, train, retain and supervise their employees and managers.

6.  Defendants, John Doe (1-10), failed to promulgate and/or enforce regulations for proper screening and safety procedures. The duties, obligations and responsibilities to plaintiff owed by defendants, John Doe (1-10), were non-delegable.

7.  As a result of the foregoing, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, sustained severe, serious, permanent and personal injuries and damages as more fully set forth herein.

WHEREFORE, plaintiffs demand judgment in their favor and against the defendants on this count and for damages, punitive damages, interests, attorney's fees and costs of suit.

### COUNT V

1.  Plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, repeat and reallege the allegations contained in the previous Counts of the Complaint and make them a part hereof as if more specifically set forth herein at length.

2.  Defendants, XYZ Corporations (1-10), owned, leased, maintained, managed, operated and had charge and control of the property known as Grant Plaza and/or owned and managed defendants, Z&D Realty, LLC, Landis Pig Roast, LLC, and Grant Plaza.

3. Defendants, XYZ Corporation (1-10), had the care and duty to provide management and management duties to defendants, Grant Plaza, Z&D Realty, LLC, Landis Pig Roast, LLC, Ziggy Dobkowski, Diane Dobkowski, and Raheem McClendon.

4. On or about April 21, 2017, defendants, XYZ Corporation (1-10), were negligent and careless in retaining, hiring and providing professional and competent employees and security at the property known as Grant Plaza. Defendants, XYZ Corporation (1-10), permitted, encouraged, tolerated and ratified practices of such unjustified, unreasonable, unwarranted and illegal use of force by their patrons in that it failed to properly screen, hire, train, retain and supervise its employees and management personal and implement reasonable security and safety measures.

5. Defendants, XYZ Corporation (1-10), were otherwise negligent.

6. As a result of the foregoing, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, sustained severe, serious and permanent injuries and damages as more fully set forth herein.

WHEREFORE, plaintiffs, demand judgment in their favor and against the defendants on this count and for damages, punitive damages, interests, attorney's fees and costs of suit.

## COUNT VI

1. Plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, repeat and reallege the allegations contained in the previous Counts of the Complaint and make them a part hereof as if more specifically set forth herein at length.

2. Defendants, Richard Roe (1-10), are individuals whose true identity is not known at this time after reasonable investigation.

3. On April 21, 2017, defendants, Richard Roe (1-10), assaulted plaintiffs, Dennis

Cosby, Eugene Cosby and Terry R. Mayes, by shooting them with firearms inside Grant Plaza.

4. As a result of defendants' negligent and/or intentional acts of assault and battery, plaintiffs, Dennis Cosby, Eugene Cosby and Terry R. Mayes, sustained severe, serious, permanent and personal injuries and damages as more fully set forth herein.

WHEREFORE, plaintiffs demand judgment in their favor and against the defendants on this count and for damages, punitive damages, interests, attorney's fees and costs of suit.

LAW OFFICES OF RICHARD A. STOLOFF

BY: _____
RICHARD A. STOLOFF, Attorney for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues.

LAW OFFICES OF RICHARD A. STOLOFF

BY: _____
RICHARD A. STOLOFF, Attorney for Plaintiffs

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

Following my initial review of this matter it appears that there are no other persons who should be joined as parties.

LAW OFFICES OF RICHARD A. STOLOFF

BY: _____
RICHARD A. STOLOFF, Attorney for Plaintiffs

## DEMAND FOR INTERROGATORIES

Demand is hereby made that Defendants answer Uniform C and Supplemental Interrogatories attached hereto in accordance with the New Jersey Court Rules.

LAW OFFICES OF RICHARD A. STOLOFF

BY: _____
RICHARD A. STOLOFF, Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, Richard A. Stoloff, Esquire, is hereby designated as Trial Counsel.

LAW OFFICES OF RICHARD A. STOLOFF

BY: _____
RICHARD A. STOLOFF, Attorney for Plaintiffs

## SUPPLEMENTAL INTERROGATORIES

1. Fully identify all persons (whether or not they are employees, agents, or contractors of defendants) by name, employers and title who had any responsibility for safety or security at Grant Plaza at the time of the incident on April 21, 2017.

2. Identify by name and title and employer all individuals who were providing security/safety services for Grant Plaza either inside or outside the premises on the evening of April 20, 2017, to the morning April 21, 2017.

3. Identify by name, address and place of employment each person or entity in charge of security of the Grant Plaza including inspecting, securing, policing and searching each individual who gained access inside Grant Plaza during the evening of April 20, 2017, to the early morning of April 21, 2017, prior to and during the incident at issue.

4. Identify by name, address and employer each individual who was supervising/overseeing any and all security measures used at Grant Plaza on the evening of April 20, 2017, to the early morning of April 21, 2017.

5. Identify each and every method used to screen/search each individual who entered Grant Plaza on the evening of April 20, 2017, to the early morning of April 21, 2017.

6. Identify by manufacturer, model, serial number and quantity each device used by any and all individuals while performing security/safety services at Grant Plaza on the evening of April 20, 2017, to the early morning of April 21, 2017.

## REQUEST FOR DOCUMENTS AND THINGS

PLEASE TAKE NOTICE that you are required to provide the following materials pursuant to the applicable provisions of Rule 4:10 and Rule 4:18 returnable to the Law Offices of Richard A. Stoloff, 605 New Road, Linwood, New Jersey 08221, as per the Rules of Court.

## DEFINITIONS

1. The word "incident" as used herein, except wherever differently described, shall mean the incident giving rise to this lawsuit.

2. The words "plaintiff", "defendant", "co-defendant" as used herein, except

wherever differently described, shall refer to all plaintiff, defendants and co-defendants party to this lawsuit.

3. The word "document" as used herein shall include without limitation all writings, drawings, grafts, charts, photographs, recordings, transcripts of recorded information, telegram, reports, data compilations from which information can be obtained and translated, patents, copyrights and any other information in written, photographic or recorded form that is tangible or capable of designation for examination and use by whatever designation it may be identified and wherever it may be.

## DOCUMENTS AND TANGIBLE THINGS REQUESTED

1. All photographs which relate to the accident or incident. The request is to include, but is not limited to, photographs depicting the scene of the incident; the persons and the condition and/or injuries which plaintiff claims result from the incident.

2. A copy of the Police incident Report or any other official and/or business report filed in connection with the incident.

3. Any report, statement or writing signed by any defendant or on behalf of any defendant in connection with the incident.

4. A copy of the declaration sheet of any liability insurance policy covering any defendant on the date of the incident.

5. The reports of any an all experts who have reviewed and/or performed any examinations in regards to any aspect of this case on behalf of defendant or defendants' attorney and who have submitted either an oral or written report to defendants' attorney. In the event a report was oral, provide a complete summary of said report.

6. All bills, invoices and/or other documents reflecting the amounts paid, or to be

paid, by defendant, defendants's insurance carriers, private plan, union or any other source for property damage, hospital services, medical treatment, nursing care, prescriptions, equipment or other services and/or obtained by defendant in connection with the plaintiffs' medical treatment in connection with the subject accident or incident.

7. All bills, contracts, payroll records, receipts, invoices and/or other documents reflecting the amounts billed, amounts paid, or to be paid by and defendant or anyone other than defendants for security services at the Grant Plaza throughout the years 2012 through 2017.

8. All bills, contracts, payroll records, receipts, invoices and/or other documents reflecting the amounts billed, amounts paid, or to be paid by any defendant to anyone other than defendants for police at Grant Plaza throughout the years 2012 through 2017.

9. Copies of any contracts, bills or invoices with or rendered to the defendant for the security of, in relevant part, the Grant Plaza.

10. Any and all investigative reports, correspondence and/or records relative to the incident at issue.

11. Any and all written, statements, transcripts, or recordings of statements which address or relate to the incident at issue.

12. Any and all photographs, plans, blueprints, diagrams, video or similar documents of the scene of the incident from the opening of business on April 20, 2017, to the close of business on April 21, 2017.

13. The security schedule for the date and time at issue, for the Grant Plaza in which plaintiff was injured. If the "regular" security schedule was changed and not utilized on the date and time at issue, provide the regular schedule and any documents which address the schedule time.

14. Any and all memoranda, e.g. letters, telephone messages, orders, which record or demonstrate complaints about the security of the Grant Plaza or which otherwise notified defendant of the inadequate security in the Grant Plaza.

15. The position description for all persons in charge of supervision or security of the area in which plaintiff was injured and the position description for those scheduled to perform that function on the day at issue.

16. Any and all employee handbooks, procedural manuals, instructions, memoranda or similar documents describing: (a) schedules and procedures for securing, inspecting, and/or maintaining the area in question in a safe condition; (b) schedules and procedures for inspecting the area in question; and (c) incident report procedures.

17. If the area in which plaintiff was injured has been changed or altered, provide any and all records reflecting said change or alteration for the area at issue.

18. Any and all written complaints and records of oral complaints regarding weapons in or about the Grant Plaza.

19. Any and all records or reprimands or other disciplinary actions taken against the individual(s) charged with maintaining the safety of the area at issue which relate to their failure to properly perform this task either before the incident at issue or as a result of the incident at issue.

20. Provide any and all documents that recorded in any way plaintiff's incident.

21. Provide any and all documents which refers to any response to plaintiffs' incident by defendants.

22. Provide any and all insurance policies in effect at the time of this occurrence which provide insurance coverage for the harm plaintiffs' allege defendant caused as set forth in plaintiffs' Complaint, including but not limited to umbrella policies.

23. If a communications system existed among security personnel on the date and time at issue please identify by make and model each such device and if such equipment was not functioning, provide any and all reports regarding that failure and/or the repair of the communication system.

24. Provide any and all policies, procedures, instructions, notices, internal memoranda, correspondence or similar documents which in any way address the procedures to be utilized for the safety of patrons of the Grant Plaza.

25. Produce copies of any all statements taken from any and all parties and witnesses taken prior to the matter being referred to defense counsel including statements taken at the request of defendants' insurance company.

26. If defendants contend that no statements responsive to Request No. 25 above exist, provide an affidavit of defendants' insurance adjuster stating under oath that no such statements exist.

27. Any and all leases in effect at the time of the incident regarding the property at 619 East Landis Avenue, Vineland, New Jersey.

28. PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect and photocopy, each and every record, document, claim letter, pleading, answer, answers to interrogatories, deposition transcript, photograph, video, memos relative to any and all prior incidents of assaults and claims for personal injuries arising from assaults at the subject premises.

29. AS TO THE DEMAND FOR EXPERT WITNESS DISCLOSURE:

A statement disclosing in reasonable detail the following:

(1). The identity of each expert (name and address) whom each defendant intends to

call at the trial of this action;

(2). The subject matter in reasonable detail upon which each expert is expected to testify at the trial of this action;

(3). The substance of the facts and opinions upon which each expert is expected to testify at the trial of this action;

(4). A summary of the grounds of each expert's opinion;

(5). The complete qualifications of each expert witness whom defendant(s) intend to call at the trial of this action;

(6). A list of all copies in which each expert acted as an expert witness;

(7). A list of any and all tweets, emails, texts or documents of any kind upon which each expert has considered or relied.

PLEASE TAKE FURTHER NOTICE that the undersigned hereby requests entry onto the premises known as Grant Plaza, 619 East Landis Avenue, Vineland, New Jersey, as soon as practically possible for inspection, measurements, photographs/videotaping, testing and recording, the premises and any and all equipment or devices allegedly used to inspect/search all individuals who gained entrance to the premises on the evening of April 20, 2017 and the morning of April 21, 2017, per R. 4:18-1.

Notice is also hereby given that if there is a failure to comply with any of the aforesaid demands, plaintiff(s) will exercise each and every right accorded to the plaintiff by the applicable Rules and/or controlling case-law, which will include objection to testimony and/or introduction into evidence, testimonial/evidentiary/preclusion and/or resolution of fact issues in favor of the plaintiff(s) and/or any other rights accorded to the plaintiff(s) under the applicable law, including but not limited to spoliation of evidence.

LAW OFFICES OF RICHARD A. STOLOFF

BY: _____
RICHARD A. STOLOFF, Attorney for Plaintiffs