IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | Civil No. 19-1583 (RMB/SAK) |
| v. | |
| Z&D REALTY, LLC, *et al.*, | |
| Defendants. | |
| | |
| FIRSTLINE NATIONAL INSURANCE COMPANY, | |
| Plaintiff, | Civil No. 19-1627 (RMB/SAK) |
| v. | **OPINION** |
| LANDIS PIG ROAST, LLC, *et al.*, | |
| Defendants. | |

**APPEARANCES**
Jennifer Broeck Barr
Louis J. Niedelman
Cooper, Levenson, April, Niedelman & Wagenheim, PA
1125 Atlantic Avenue
Third Floor
Atlantic City, New Jersey 08401

    *On behalf of Plaintiffs Harford Mutual Insurance Company and Firstline National Insurance Company*

Louis M. Barbone
Jacobs & Barbone, Esqs.

1125 Pacific Avenue
Atlantic City, New Jersey 08401

> *On behalf of Defendants / Third-Party Plaintiffs Ziggy Dobkowski, Diane Dobkowski, Z&D Realty, LLC, and Landis Pig Roast, LLC*

Richard A. Stoloff
Law Offices of Richard A. Stoloff
605 New Road
Linwood, New Jersey 08221

> *On behalf of Defendants Dennis Cosby, Eugene Cosby, Terry R. Mayes*

Lawrence Brent Berg
Marshall, Dennehey, Warner, Coleman & Goggin
15000 Midlantic Drive
Suite 200
P.O. Box 5429
Mt. Laurel, New Jersey 08054

> *On behalf of Third-Party Defendants Anatoly Sakhan and Biondi Insurance Agency, Inc.*

Raghu N. Bandlamudi
Foley & Mansfield PLLP
86 Chambers Street
Suite 202
New York, New York 10007

> *On behalf of Third-Party Defendants Donald Reighn and The Martin Insurance Agency, Inc.*

**RENÉE MARIE BUMB, United States District Judge**

**THESE MATTERS** come before the Court upon a Motion for Summary Judgment filed on July 15, 2022 by Third-Party Defendants Anatoly Sakhan and Biondi Insurance Agency, Inc. (collectively, the "**Biondi Defendants**") in both Case No. 19-1583 (the "**Harford Case**") [Docket No. 60-1] and Case No. 19-1627 (the

2

"**Firstline Case**") [Docket No. 67-1] (together, the "**Biondi MSJ**").[1] Defendants / Third-Party Plaintiffs Diane and Ziggy Dobkowski (the "**Dobkowskis**"), Z&D Realty, LLC ("**Z&D**"), and Landis Pig Roast, LLC ("**Landis Pig Roast**") (collectively, the "**Z&D Defendants**") have not opposed the Biondi MSJ as of the date hereof.  As the briefing appears to be complete, the Biondi MSJ is ripe for disposition.  For the reasons set forth below, the Court will **GRANT** the motion.

I.  FACTUAL BACKGROUND

These matters stem from requests for defense and indemnity made by the Z&D Defendants of their commercial insurers, Plaintiffs Harford Mutual Insurance Company ("**Harford**") and Firstline National Insurance Company ("**Firstline**").  At bottom, the parties do not agree whether certain risks associated with the operation of a banquet hall were covered by insurance policies that Harford and Firstline wrote and the Biondi Defendants brokered.  The Court understands the following facts to be undisputed:

A.  Factual Background.

The Dobkowskis are the owners, operators, and/or managers of Grant Plaza, LLC ("**Grant Plaza**"), a banquet hall in Vineland, New Jersey.  [Firstline Case,

---

[1] The Court observes that both motions, and their accompanying briefs, appear to be identical in all material respects.  As such, the Court cites to the Firstline Case, Docket Nos. 67 (Statement of Undisputed Material Facts) & 69 ("**Third-Party Defs.' Br. Summ. J.**") and omits parallel citations to the Harford Case, Docket Nos. 60 (Statement of Undisputed Material Facts) & 62 (Third-Party Defs.' Br. Summ. J.), unless otherwise noted.

Docket No. 67 ¶ 2.] They also own, operate, and/or manage Z&D Realty (principally an apartment building and property owner) and Landis Pig Roast (a family-style restaurant). [*Id.* ¶¶ 2–3.] Z&D Realty and Landis Pig Roast operate at 623 Landis Avenue, Vineland, New Jersey 08360. [*Id.*] Grant Plaza is situated on an adjacent property located at 619–621 Landis Avenue, Vineland, New Jersey 08360. [*Id.* ¶ 4.] The properties all constitute one physical structure. [*Id.*]

As of April 21, 2017, Firstline and Harford separately had issued business owners and commercial general liability insurance policies to Z&D Realty and Landis Pig Roast for their respective business operations. [*Id.* ¶ 3.] The policies were secured by and through the Biondi Defendants. [*Id.*]

On April 21, 2017, Defendant Raheem McClendon leased Grant Plaza to host a party for some 500 to 600 guests with an admission price, security guards, and alcohol service. [*Id.* ¶ 5.] That evening, a shooting occurred at Grant Plaza that left at least three individuals injured. [*Id.* ¶ 6.] Shortly thereafter, those injured attendees—Defendants Eugene Cosby and Dennis Cosby (the "**Cosbys**") and Terry Mayes—asserted various personal injury claims against the Z&D Defendants and McClendon in a state court proceeding (the "**Underlying Action**").[2] [*Id.* ¶¶ 6–7.] The Z&D Defendants notified Harford and Firstline of the Underlying Action and demanded defense and indemnification, which they denied. [*Id.* ¶ 8.]

---

[2] The Underlying Action is *Cosby v. Grant Plaza*, Case No. CUM-L-00403-17 (N.J. Super. Ct. filed June 1, 2017). The Court observes that it no longer appears to be an active matter.

### B.     Procedural Background.

On January 29, 2019, Harford and Firstline filed Complaints against the Dobkowskis, the Cosbys, Terry R. Mayes, Raheem McClendon, and (in the case of Harford) Z&D Realty or (in the case of Firstline) Landis Pig Roast. [Harford Case, Docket No. 1; Firstline Case, Docket No. 1.] The nearly identical Complaints allege: Fraud and Misrepresentation (Count I); Fraud in the Inducement (Count II); Breach of the Warranty of Good Faith and Fair Dealing (Count III); and Rescission (Count IV). [Harford Case, Docket No. 1; Firstline Case, Docket No. 1.] They seek, *inter alia*: (i) a declaration from this Court that Harford and Firstline do not have a duty to defend or indemnify the Dobkowskis, Z&D Realty, and Landis Pig Roast in the Underlying Action; (ii) that Harford and Firstline owe no insurance coverage to the Z&D Defendants; and (iii) rescission of the insurance policies. [*See generally* Harford Case, Docket No. 1; Firstline Case, Docket No. 1.]

On March 29, 2019, the Cosbys and Mayes filed Answers to both Complaints. [Harford Case, Docket No. 5; Firstline Case, Docket No. 5.]

On April 1, 2019, the Z&D Defendants filed Answers to both Complaints and asserted counterclaims against Harford and Firstline. [Harford Case, Docket No. 7; Firstline Case, Docket No. 7.] They submitted an amended filing on April 12, 2019. [Firstline Case, Docket No. 9.] The counterclaims allege: Breach of Contract (Count I); Breach of the Covenant of Good Faith and Fair Dealing (Count II); and Consumer Fraud (Count III). [*See generally* Harford Case, Docket No. 7; Firstline Case, Docket No. 9.] The Z&D Defendants also included a Third-Party Complaint

5

against the Biondi Defendants.  [Harford Case, Docket No. 7, at 12–17; Firstline Case, Docket No. 9, at 12–17.]

On April 30, 2019, Harford and Firstline filed Answers to the Z&D Defendants' counterclaims.  [Harford Case, Docket No. 14; Firstline Case, Docket No. 10.]

On May 2 and 9, 2019, the Biondi Defendants filed Answers to the Z&D Defendants' Third-Party Complaints.  [Harford Case, Docket No. 15; Firstline Case, Docket No. 12.]

Because of the considerable overlap between the matters, the Harford Case and the Firstline Case were consolidated for discovery purposes in the initial Scheduling Order on September 5, 2019.  [Harford Case, Docket No. 24.]  The Scheduling Order was amended on January 6, 2020 [Harford Case, Docket No. 30], and again on February 29, 2020 [Harford Case, Docket No. 32], and again on December 20, 2020 [Harford Case, Docket No. 46], and again on April 27, 2022 [Harford Case, Docket No. 50].

On May 23, 2019, the Z&D Defendants filed Affidavits of Merit certifying that the skill, care, knowledge, and diligence exercised by the Biondi Defendants in connection with their arrangement of the applicable insurance policies fell outside acceptable standards of care for insurance producers.  [Harford Case, Docket No. 19; Firstline Case, Docket No. 14.]

Pretrial factual discovery closed on May 31, 2022, and all expert reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2) were due no later than June 30, 2022.

[*See* Harford Case, Docket No. 50; Firstline Case, Docket No. 61.] To date, the Z&D Defendants have not taken depositions of the Biondi Defendants, nor have they served them with any expert reports concerning the Biondi Defendants' alleged breach of contract and deviation from their professional standard of care. [*See* Firstline Case, Docket Nos. 67 ¶ 14.]

## II.   JURISDICTION

This Court exercises subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1332, as there exists a "complete diversity" of citizenship between the parties and the amount in controversy exceeds $75,000.

## III.   LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. *Id.*

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." *Connection Training Servs. v. City of Phila.*, 358 F. App'x 315, 318 (3d Cir. 2009). "If

7

the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." *Id.*

In the face of a properly supported motion for summary judgment, the non-movant's burden is rigorous. The non-movant "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *accord Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (noting that "speculation and conjecture may not defeat a motion for summary judgment") (citing *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009)).

## IV.   DISCUSSION

The Biondi Defendants offer four arguments addressing why summary judgment is warranted on all of the Z&D Defendants' Third-Party claims against them. First, they assert that the Z&D Defendants' professional negligence claims must be dismissed because the Z&D Defendants have failed to produce an expert report. [Third-Party Defs.' Br. Summ. J. 4–6.] Next, they argue that there is no other evidence that they breached their duty of care, breached any contract with the Z&D Defendants, or caused the Z&D Defendants' losses, so the negligence, breach of contract, and breach of implied covenant of good faith and fair dealing claims—all premised on the same allegedly deficient conduct—must be dismissed as a result. [*Id.* at 6–11.] The Z&D Defendants have not submitted a response. The Court addresses both sets of arguments in turn.

### A.  The Z&D Defendants' Failure to Submit an Expert Report.

Generally, in professional negligence cases in New Jersey, expert testimony is required to establish a deviation from the applicable standard of care. *See, e.g.*, *Satec, Inc. v. Hanover Ins. Group*, 450 N.J. Super. 319, 162 A.3d 311, 335 (N.J. Super. Ct. App. Div. 2017) (noting that negligence actions against insurance brokers normally require expert testimony); *Optica, Inc. v. Metro Pub. Adjustment, Inc.*, 2005 WL 1719134, at *18–*19 (D.N.J. July 21, 2005) (collecting cases). Where the subject matter is "so esoteric that jurors of common judgment and experience cannot form a valid conclusion" on their own, expert testimony is required. *Wyatt v. Wyatt*, 217 N.J. Super. 580, 591, 526 A.2d 719 (N.J. Super. Ct. App. Div. 1987) (citation omitted). However, the common knowledge doctrine holds that, where a defendant's negligence is "obvious," an average juror's knowledge is sufficient to enable the juror, using ordinary understanding and experience, to determine the negligence without the assistance of an expert. *Satec*, 450 N.J. Super. at 334–35; *see also, e.g.*, *DiMarino v. Wishkin*, 195 N.J. Super. 390, 393, 479 A.2d 444 (N.J. Super. Ct. App. Div. 1984) (holding that expert testimony was not required where broker's failure to warn client that coverage could not be obtained was *per se* negligence).

In the instant case, the Court agrees with the Biondi Defendants: expert testimony is required for the Z&D Defendants to prove that the Biondi Defendants breached their duty of care as insurance producers and prevail on their professional negligence claim. In their Third-Party Complaint, the Z&D Defendants allege that the Biondi Defendants' failure to "properly provide, submit and process the facts and

circumstances of the [Z&D Defendants'] business location, operation and ownership" and "meet the established conditions for insurance coverage" by Harford and Firstline constitutes a breach of their professional duty of care as insurance producers.  [Firstline Case, Docket No. 9, at 14 ¶ 5.]  In other words, the Biondi Defendants—despite allegedly having personal knowledge about the existence and ownership of Grant Plaza and representing that they would secure insurance coverage for the business [*see id* at 4 ¶ 26, 7 ¶ 2, & 13–14 ¶¶ 3–5]—breached their duty of care by (i) failing to procure the correct insurance policies for the Z&D Defendants and (ii) causing the instant declaratory judgment actions to manifest.

      Here, determining whether the alleged breach occurred requires the factfinder to consider whether the professional judgment, skill, knowledge, and diligence exercised by the Biondi Defendants deviated from acceptable standards for the industry.  *See Satec*, 450 N.J. Super. at 334–35; *see also New Hampshire Ins. Co. v. Diller*, 678 F.Supp.2d 288, 310 (D.N.J. 2009) (explaining the need for expert testimony and an Affidavit of Merit where an insurance producer omits material information from an insurance application).  To make this determination, specialized knowledge about insurance and the insurance brokerage industry is necessary, and the jurors' common knowledge alone will not suffice.  *See Satec*, 450 N.J. Super. at 334–35; *Wyatt*, 217 N.J. Super. at 591.  Indeed, the Z&D Defendants' negligence allegations, including their contention that the Biondi Defendants were aware of Grant Plaza's existence, do not yield a conclusion that the Biondi Defendants' alleged breach was "obvious."

Accordingly, the Z&D Defendants require an expert to proceed on their professional negligence claims.³ *See Optica*, 2005 WL 1719134, at *17.

The Z&D Defendants have not offered any expert testimony, and the deadline to serve opposing counsel an expert report has long passed. [*See* Firstline Case, Docket No. 61 (noting that the deadline was June 30, 2022).] The required evidence has not been, and apparently will not be, proffered. Therefore, because there is not a "genuine" dispute whether the Biondi Defendants breached their professional duty of care and the Biondi Defendants are entitled to judgment as a matter of law, the Z&D Defendants' claim of professional negligence must fail.⁴ *See Gonzalez*, 678 F.3d at 261 (3d Cir. 2012).

### B. The Z&D Defendants' Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing Claims.

Next, the Biondi Defendants assert that there is no basis for breach of contract or breach of implied covenant of good faith and fair dealing claims against them because the Z&D Defendants cannot prevail on their professional negligence claim.

---

³ The Court notes that the Z&D Defendants seem to be aware that expert testimony is necessary. After all, they ultimately filed Affidavits of Merit pursuant to N.J.S.A. 2A:53A-27 in order to establish that the Biondi Defendants' conduct likely fell outside acceptable standards of care for insurance producers. [Harford Case, Docket No. 19; Firstline Case, Docket No. 14.]

⁴ Because the Court rules that expert testimony is required to establish the element of breach and no such evidence has been proffered, the Court does not discuss the Biondi Defendants' other arguments concerning other elements of the Z&D Defendants' professional negligence claim. [*See* Third-Party Def.'s Br. Summ. J. at 7–10.] The Court need not reach these issues, as they are irrelevant to the outcome of the Court's analysis.

[Third-Party Def.'s Br. Summ. J. 10–11.]  In support of this proposition, the Biondi Defendants cite *Murphy v. Implicito*, 392 N.J. Super. 245, 265, 920 A.2d 678 (N.J. Super. Ct. App. Div. 2007) and state that "[i]n a professional negligence case, the contract, and any breach thereof, is dependent upon whether liability is found on the professional negligence claims."  [Third-Party Def.'s Br. Summ. J. 10.]

In *Murphy*, the New Jersey Appellate Division addressed the scope of damages in an action in which a patient asserted battery, breach of contract, and *per quod* claims against his doctors following a back surgery during which his doctors, contrary to his wishes, installed a cadaver bone in his spine.  392 N.J. Super at 253, 920 A.2d at 682.  In resolving the damages question, the *Murphy* court does ***not*** say, as the Biondi Defendants would have this Court believe, that a breach of contract claim depends on whether liability is found on a related professional negligence claim (such as medical malpractice).  Instead, one proposition for which *Murphy* stands is that, though the "line between a breach of contract and a tort is often hazy," they are two distinct claims that require separate analysis, even if premised on related or overlapping conduct.  *See Murphy*, 392 N.J. Super. at 268, 920 A.2d at 691 (citation omitted).  The Biondi Defendants misread *Murphy*.

Nevertheless, the Z&D Defendants' remaining claims against the Biondi Defendants must fail.  To establish a breach of contract claim, the Z&D Defendants must show that they entered into a valid contract with the Biondi Defendants, the Biondi Defendants failed to perform their contractual obligations, and the Z&D Defendants sustained damages as a result.  *See Murphy*, 392 N.J. Super. at 265, 920

A.2d at 689.  Under the implied covenant of good faith and fair dealing, the Biondi Defendants must have performed some action that destroyed or injured the right of the Z&D Defendants to receive the benefit of the valid contract.  *See R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 N.J. 255, 277, 773 A.2d 1132 (N.J. 2001).

The Court cannot identify how the Z&D Defendants can prevail on either of these claims.  First, the Court is left to wonder what agreement in particular the Biondi Defendants breached.  In their Third-Party Complaint, are the Z&D Defendants referring to the Harford and Firstline insurance policies when setting forth their breach of contract and breach of implied covenant of good faith and fair dealing claims?  [*Cf.* Firstline Case, Docket No. 9, at 14–16 ¶¶ 7, 14.]  Because the Z&D Defendants have not responded to the Biondi MSJ, the Court does not know.  Second, even assuming that a valid contract was established, the undisputed facts fail to reveal how the Biondi Defendants are in breach of that contract or what specific actions the Biondi Defendants took to deprive the Z&D Defendants of the fruits of that contract.  To the Court's surprise, the Z&D Defendants never even deposed the Biondi Defendants.  [Firstline Case, Docket No. 67 ¶ 14.]  Thus, because the Z&D Defendants have failed to prove up their allegations and the record before the Court suggests that there is no "genuine" dispute of material fact, the Court will grant summary judgment on the Z&D Defendants' remaining claims against the Biondi Defendants, too. *See Gonzalez*, 678 F.3d at 261 (3d Cir. 2012).

## V. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the Biondi MSJ. An accompanying Order shall issue.

| | |
|---|---|
| 10/25/2022 | s/Renée Marie Bumb |
| Date | Renée Marie Bumb |
| | United States District Judge |